UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMILYA PINA,<br><br>          Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE and JEAN RAYMOND,<br><br>          Defendants. | Civil Action No. 11-11483-JLT |

ORDER

November 16, 2011

TAURO, J.

Plaintiff is a former employee of Defendant The Children's Place where she was supervised by Defendant Jean Raymond.  Plaintiff brings suit against Defendants for, *inter alia*, violations of M.G.L. c. 151B.  Plaintiff also brings suit against Defendant Raymond for interference with Plaintiff's contract and advantageous business relationship with Defendant The Children's Place.  Currently at issue is Defendants' Partial Motion to Dismiss [#3], which concerns the claims stated above.  Because Plaintiff did not file her complaint within the three-year statute of limitations for the above stated claims, Defendants' Partial Motion to Dismiss [#3] is ALLOWED.

M.G.L. c. 151B § 9 provides for a three-year statute of limitations for claims brought under M.G.L. c. 151B.  The statute of limitations commences at the time the alleged unlawful activity occurred, and a plaintiff can bring a civil claim beginning ninety days after filing a complaint with the Massachusetts Commission Against Discrimination ("MCAD").[1]  In

---

[1] M.G.L. c. 151B § 9 (2011).

exceptional circumstances, equitable tolling is available,[2] but this doctrine is not applied liberally in federal court.[3] Circumstances in which equitable tolling does apply include when the plaintiff is excusably ignorant of the filing period or when "the defendant or the MCAD has affirmatively misled the plaintiff."[4]

In this case, Defendant The Children's Place terminated Plaintiff's employment on or about July 26, 2007.[5] Plaintiff filed a timely MCAD complaint,[6] but only filed this civil action on July 19, 2011, which is outside the three-year statute of limitations. Plaintiff fails to present any information indicating that she was excusably ignorant of the filing period or that the MCAD affirmatively misled her. She does state in the Complaint, that the MCAD: "did not conduct a thorough investigation which should have involved the plaintiff in any fact findng process [and it did not] keep plaintiff apprised of the progress and developments in any purported investigation."[7] This statement without any specific details, though, is not enough to demonstrate that the MCAD affirmatively misled Plaintiff.

---

[2] See Davis v. Lucent Techs., Inc., 251 F.3d 227, 234 (1st Cir. 2001); Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998); Pettingill v. Curtis, 584 F.Supp.2d 348, 366 (D.Mass 2008); Hall v. FMR Corp., 559 F.Supp.2d 120, 126 (D.Mass 2008); Svensson v. Putnam Invs., LLC, 558 F.Supp.2d 136, 141 (D.Mass 2008); Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41 (Mass. 1996).

[3] Chico-Velez, 139 F.3d at 59 ("Federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases . . . . In a nutshell, equitable tolling is reserved for exceptional cases . . . .") (citations omitted); see also Davis, 251 F.3d at 234.

[4] Andrews, 673 N.E.2d at 41; see also Davis, 251 F.3d at 234 (applying Andrews).

[5] Compl. ¶ 19 [#1-1].

[6] Compl. ¶ 20 [#1-1].

[7] Compl. ¶ 21 [#1-1].

Plaintiff's claim that Defendant Raymond interfered with Plaintiff's contract and advantageous business relationship with Defendant The Children's Place[8] is also governed by a three-year statute of limitations.[9]  This period began to run, at the latest, when Plaintiff was terminated on July 26, 2007,[10] more than three years before Plaintiff filed her complaint.

For these reasons, Defendants' <u>Partial Motion to Dismiss</u> [#3] is ALLOWED.  Plaintiff's claims of violations of M.G.L. c. 151B against both Defendants are DISMISSED.  Plaintiff's claim of interference with Plaintiff's contract and advantageous business relationship with Defendant Second Wind against Defendant Raymond is also DISMISSED.  All other properly plead complaints remain.  Consistent with what has been stated above, Plaintiff will not be granted leave to amend her complaint, as requested in Plaintiff's <u>Opposition to Partial Motion to Dismiss or in the Alternative</u> [#11].

IT IS SO ORDERED.

          /s/ Joseph L. Tauro  
United States District Judge

---

[8] Compl. ¶ 33 [#1-1]

[9] M.G.L. c. 260 § 2A (2011)

[10] <u>See</u> <u>Bowen v. Eli Lilly & Co., Inc.</u>, 557 N.E.2d 729, 741 (Mass. 1990) ("This rule prescribes as crucial the date when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she had been harmed or may have been harmed by the defendant's conduct.").